**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**GIASSON AEROSPACE SCIENCE INC.**
a Canadian corporation, and
**GIASSON DESIGN INC.**                                      Case No. 2:08-cv-13667
a Canadian corporation,
                                                             Honorable Robert H. Cleland
                    Plaintiffs,

v.

**RCO ENGINGEERING, INC.,**
a Michigan corporation,

                    Defendant.

---

### INTERIM PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rules 1.2 and 5.3, IT IS HEREBY ORDERED that this Interim Protective Order shall govern all discovery conducted pursuant to the ADR Non-Binding Expert Advisory Evaluation ("ADR Evaluation") emanating from the Scheduling Conference held with the Court on February 9, 2009.

### The ADR Evaluation

1.      The ADR Evaluation shall be governed by a panel of three neutral and objective appointees, wherein one neutral is appointed by Plaintiffs, one neutral is appointed by Defendant, and the third neutral selected by the two appointees.  To advance speedy resolution of this ADR Evaluation, no formal briefing on objections will be required.  The Court may resolve any such dispute after it receives notice of such objection, in its discretion, via a teleconference or in-person conference as it may schedule.

2.      All neutrals shall be bound by this Interim Protective Order and shall execute Exhibit A to this Order.

3.      The parties agree that each shall be responsible for the payment of the fees and expenses of their respective neutral, but that the parties shall split equally the fees and expenses of the third jointly selected neutral.

4.      All positions taken and information produced by one party to another party pursuant and/or to the panel, and all statements, analyses and opinions of the parties and panel shall be governed by Rule 408 of Federal Rules of Evidence and shall not be used as evidence of liability or damages for any claim or defense by any party, nor shall its substance be disclosed to the Court except to the extent that the Court's involvement is necessary to manage and/or govern the ADR Evaluation, or except to the extent necessary for purposes of mediation.  However, in the event that the parties seek to engage in a facilitative mediation of this matter following the ADR Evaluation, the parties shall select a mediator from a list of ten persons provided by the Court.

5.      Each party may engage consultants (defined in paragraph 12) to review and analyze the information (including Attorneys Eyes Only information) that was produced by the other party pursuant to the terms and conditions of this Interim Protective Order.

6.      Should the ADR Evaluation not resolve the above-captioned lawsuit, unless otherwise agreed in writing by the parties, all information produced pursuant to the ADR Evaluation shall be returned to the party producing the information within seven days (7) business days after the parties report to the Court the status of this case following receipt of the  non-binding advisory evaluation.  Returned information that comprises business records of the producing party (*i.e.* not positions taken, etc.) may be subsequently requested by a requesting party in the underlying litigation.   That confidentiality designation of the

2

information produced in the ADR Evaluation shall not be dispositive of the confidentiality level, if any, of the information in the context of the underlying litigation.

## **Confidentiality**

7.    All documents, materials, items, and/or information that contain or comprise confidential and sensitive research, development or commercial information produced either by a party or by a non-party to or for any of the parties or neutrals for the ADR Evaluation shall be governed by this Interim Protective Order.

8.    Any information produced by any party or non-party may be designated by such party or non-party as (1) "Confidential" or (2) "Confidential-Attorneys Eyes Only." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the ADR Evaluation, but which must be protected against disclosure to third parties.  As a general guideline, materials designated "Confidential-Attorneys Eyes Only" shall be only those confidential and sensitive things of a proprietary business or technical nature which would be of value to a potential competitor of the party or non-party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties. Absent a specific order by this Court, information once designated as "Confidential" or "Confidential-Attorneys Eyes Only" shall be used by parties solely in connection with this ADR Evaluation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

9.    Any party or non-party wishing to come within the provisions of this Interim Protective Order shall designate, in writing, the items, documents, information, or portions

thereof which he, she or it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder.  In the instance of documents, the items produced must be marked "Confidential" or "Confidential-Attorneys Eyes Only" by the producing party or producing non-party.

10.     Documents stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to those parties or other persons who agree in advance to abide by this Interim Protective Order and to whom it is necessary that the material be shown for purposes of this ADR Evaluation.

11.     Documents stamped "Confidential-Attorneys' Eyes Only" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to: (a) the trial counsel designated on the pleadings in this action and those of their staff to whom it is necessary that the materials be shown for the purposes of this ADR Evaluation; (b) consultants as defined in Paragraph 12 hereof and pursuant to the provisions on Paragraph 13 hereof.

12.     For purposes of Paragraph 11(b) hereof, a consultant shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this ADR Evaluation, whether full- or part-time, by or at the direction of counsel for a party.

13.     The procedure for having a consultant approved for access to information designated "Confidential-Attorneys Eyes Only" shall be as follows:

4

      (a)     The party seeking to have a consultant, as defined in Paragraph 12 hereof, approved shall provide the producing party with:

           i)     the name and address of the designated person;

           ii)     the present employer and title of said designated person;

           iii)     the designated person's resume or curriculum vitae, list of all publications authored in the previous 10 years, and list of all other cases in which, during the previous 4 years, the designated person has been retained as an expert and/or testified as an expert at trial or by deposition; and

           iv)     a written acknowledgment, in the form of Attachment A hereto, signed by the designated person for whom approval is sought, that the person has read this Protective Order and agrees to be bound by its terms.

      (b)     Within seven (7) calendar days after mailing (via overnight delivery) of the information and written acknowledgment described in subparagraph (a), the producing party may object to the person proposed for approval if facts available to the producing party give it genuine reason to believe that there is a reasonable likelihood that the designated person may use information designated "Confidential-Attorneys Eyes Only" for purposes other than the ADR Evaluation.  Objections must be based upon a legitimate good faith belief in such unauthorized use and shall not be made for purposes of delaying approval of said designated person.  Failure to object within seven (7) calendar days to a person proposed shall be deemed approval, but shall but not preclude a producing party from objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.

(c)     If the producing party so objects, the producing and requesting party shall, within seven (7) calendar days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute.  At the conference, the producing party shall inform the requesting party of its reasons for objecting to the designated person.  If the parties cannot resolve the dispute, or if the conference does not take place, then the producing party may move the Court for an order that access to information designated "Confidential-Attorneys Eyes Only" be denied to the designated person.  The time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.

(d)     The parties agree that the information identified above in subparagraph 13(a) shall constitute sufficient information from which to approve said designated person.

14.     The parties agree that nothing in this Interim Protective Order shall operate to preclude the parties from subsequently retaining any neutral on the panel  as a consultant and/or expert witness) should this matter proceed toward trial following the ADR Evaluation.

15.     Consistent with the purpose of Rule 26(b)(4)(B), should this case proceed toward trial, a party may not, by interrogatories, deposition, or otherwise use facts known or opinions held by a consultant selected by a party for purposes of this ADR Evaluation or a later retained consultant who is not expected to be called as a witness to testify at trial.

16.     All "Confidential-Attorneys Eyes Only" information covered by this order shall be kept in secure facilities at the offices of trial counsel, and/or the workspaces of the panel members, and in no event be taken to or stored on the premises of a party without having first received written permission from the party designating the document "Confidential-Attorney's Eyes Only," and access to those facilities shall be permitted only to

those designated persons set forth in Paragraph 13 of this Interim Protective Order as persons properly having access thereto.  All counsel for the parties who have access to "Confidential-Attorneys Eyes Only" information under this Interim Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17.    A party should designate as "Confidential" or "Confidential-Attorneys Eyes Only" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Interim Protective Order.  If, at any time during the ADR Evaluation, counsel for any party claims that counsel for any other party is unreasonably claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified items, documents, or information be excluded from the provisions of this Interim Protective Order or downgraded in terms of the degree of protection designated by the producing party.  Before filing any such application, the party seeking relief shall confer with the other party to determine whether the matter can be resolved by agreement.

18.    The terms of this Interim Protective Order shall apply to all manner and means of discovery for the ADR Evaluation, including entry onto land or premises and inspection of books, records, documents, electronically stored information (ESI) and tangible things.

19.    This Protective Order shall be effective on the date entered by the Court.

20.    If the ADR Evaluation results in an agreed-to resolution of the above-captioned lawsuit, then not later than sixty (60) days after the dismissal of this action, all

confidential materials and/or information shall be returned to the party or non-party who produced such materials, or to their respective counsel, or such information shall be destroyed, at the election of the producing party.

   **IT IS SO ORDERED** this 18TH day of February 2009.

                                   S/Robert H. Cleland
                                   HON. ROBERT H. CLELAND
                                   UNITED STATES DISTRICT JUDGE

Attachment A

<u>NONDISCLOSURE AGREEMENT</u>

I, _____, do solemnly swear or affirm that I am fully familiar with the terms of the Interim Protective Order entered in *Giasson Aerospace Science, Inc. v. RCO Engineering, Inc.*, United States District Court for the Eastern District of Michigan, Southern Division, Civil Action No. 2:08-cv-13667, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:_____        Signed_____