**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GIASSON AEROSPACE SCIENCE, INC., et al.,

    Plaintiffs,

v.                                                  Case No. 08-13667

RCO ENGINEERING, INC.,

    Defendant.
_____/

**ORDER REJECTING OBJECTIONS
TO PARTIES' PROPOSED EXPERTS**

On March 11, 2009, the court conducted a status conference in the above-captioned matter. The parties had previously agreed to select a panel of independent engineering experts to confidentially evaluate the plausibility of Plaintiffs' claims, involving an aircraft seat design, and advise the parties of their evaluation as a means to potentially resolve this case cost-effectively ("Expert Evaluation").[1] By February 19, 2009, each side had proposed an expert; however, each side had also presented the court with objections to the opposing side's proposed expert regarding why the other's expert failed to meet the requisite "neutral and objective" criteria.[2] Despite their specific objections to the proposed experts, the parties nonetheless desired to proceed with the

---

[1] According to the parties' stipulated Interim Protective Order, the parties agreed to establish "a panel of three neutral and objective appointees, wherein one neutral is appointed by Plaintiffs, one neutral is appointed by Defendant, and the third neutral selected by the two appointees." (Interim Protective Order ¶ 1.)

[2] In addition to the objections each side has lodged with the court, each side's expert has also submitted a "Declaration" to the court. Plaintiffs' President, Brigitte Giasson, has also submitted a "Declaration."

Expert Evaluation concept in an attempt to resolve the case. The parties therefore stipulated on the record at the March 11, 2009 status conference to allow the court to evaluate and rule on their objections. For the following reasons, the court will reject both sides' objections and direct the Expert Evaluation to proceed with the proposed experts.

Plaintiffs proposed Lindsay P. Zollinger, a Lead Project Engineer at Honeywell, International ("Honeywell"), to serve as their expert. Defendant makes four primary objections to Plaintiffs' selection, contending that (1) Zollinger lacks necessary experience, particularly regarding Federal Aviation Administration ("FAA") certification, (2) Zollinger is employed by Defendant's "potential competitor," (3) Zollinger has patents related to the design at issue in this case, and (4) Zollinger's examination of documents covered by the Interim Protective Order would violate a non-disclosure agreement ("NDA") between Defendant and Gulfstream Aerospace Corporation ("Gulfstream"). In his Declaration, Zollinger avers that (1) he has extensive experience with aircraft seat certification, (2) his employer, Honeywell, is not a competitor to Defendant because it does not make aircraft or automotive seats, (3) his patents and his corresponding duties to assist the patent assignee, Amsafe, Inc. ("Amsafe"), should not invoke competition concerns because Amsafe is merely a supplier to Gulfstream, and (4) regardless of any NDA between Defendant and Gulfstream, Zollinger's employer is only a supplier, not a competitor, to Gulfstream.

The court finds Defendant's objections unpersuasive. First, it is clear that Zollinger's resume, patent history, and certification work provide sufficient experience for the contemplated Expert Evaluation. Furthermore, were the court to sustain

Defendant's objections, the court doubts whether any individual with the necessary experience would not be subject to a similar set of objections.  In addition, the court finds that Zollinger's connections to Honeywell and Amsafe are insufficient to give rise to any substantial or realistic concerns of conflict.  Honeywell and Amsafe are not direct competitors to Defendant, but only suppliers, and Zollinger will in any event be bound by oath or affirmation to the terms and limitations of the Interim Protective Order.  While the court recognizes that competition has the potential to arise from suppliers, the court finds that the other safeguards outweigh such potentialities.  Finally, Defendant's objections regarding the role of the Gulfstream NDA remain vague and abstract.  Should a concrete issue about the Gulfstream NDA arise, the court can address it at that time.  The court will reject Defendant's objections and allow Zollinger to serve as Plaintiffs' expert for the purposes of the Expert Evaluation.

Defendant proposed that Gregory J. Vishey, a former manager at Lear Corporation ("Lear"), serve as its expert.  However, Plaintiffs objected that Vishey (1) was a former colleague to defense counsel, (2) is a competitor to Plaintiffs, and (3) has patents related to the design at issue in this case.  In addition, Brigitte Giasson, Plaintiffs' President, asserts that Vishey's participation in this matter is worrisome given his prior work history.  In his Declaration, Vishey maintains that (1) he and defense counsel, while both were formerly employed with Lear, had only limited professional interaction, (2) all of Vishey's patents have expired, and he no longer has any duty to assist the assignee, and (3) although Vishey may have once worked for Plaintiffs' competitor, Lear, he no longer does so but rather is self-employed as a home-inspector.

These objections are of similar persuasiveness as those presented by Defendant.  Plaintiffs' objections reach too far: if Vishey does not meet the "neutral and objective" criteria, the court doubts whether any qualified individual would do so.  Vishey's connection with defense counsel is, at most, limited and is inadequate to raise pressing concerns of conflicts of interest.  Vishey currently does not work for any of Plaintiffs' competitors, indeed, he is no longer in the engineering industry.  Nor does Vishey have any duty to assist any competitor of Plaintiffs with respect to his now-expired patents.  Finally, while there is the possibility that Vishey could return to work for a competitor of Plaintiffs, such possibility is, at this time, speculative and does not compel the court to sustain Plaintiffs' objections.  Therefore, the court will reject Plaintiffs' objections and allow Vishey to serve as Defendant's expert for purposes of the Expert Evaluation. Accordingly,

IT IS ORDERED that Defendant's objections to Plaintiffs' proposed expert are REJECTED, and Plaintiffs' objections to Defendant's proposed expert are also REJECTED.  Under the terms of the Interim Protective Order, Lindsay P. Zollinger and Gregory J. Vishey will serve as experts for the Expert Evaluation and together select a third "neutral and objective" expert.

IT IS FURTHER ORDERED that, on or before **March 27, 2009**, the parties submit to the court, by joint letter, the identification of the third expert for the Expert Evaluation.[3]

---

[3] If the first two experts are for some reason unable to select a third "neutral and objective" expert, the court should also be notified of this no later than **March 27, 2009**.

Finally, IT IS ORDERED that the parties and the three experts appear for a status conference on **April 14, 2009 at 2:00 p.m.** to informally discuss and establish the scope of the inquiry for the Expert Evaluation.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  March 18, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 18, 2009, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522