**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GIASSON AEROSPACE SCIENCE, INC., et al.,

    Plaintiffs,

v.                                          Case No. 08-13667

RCO ENGINEERING, INC.,

    Defendant.
_____/

**ORDER VACATING STAY, DENYING PLAINTIFFS' "MOTION TO
COMPEL DISCOVERY, FOR ENTRY OF NEW PROTECTIVE ORDER"**

Before the court is Plaintiffs Giasson Aerospace Science Inc. and Giasson Design Inc.'s "Motion to Compel Discovery, for Entry of New Protective Order," filed April 10, 2009. Because the parties had previously agreed to undertake an alternative dispute resolution process, in the form of a case evaluation by a panel of experts ("Expert Evaluation"), this court stayed discovery on February 11, 2009 to allow the Expert Evaluation to proceed. During a telephone conference on April 2, 2009, however, the parties agreed to abandon the Expert Evaluation in favor of resuming litigation. This matter is now fully briefed, and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will vacate the order staying the case, deny Plaintiffs' motion, and order Defendant to submit its proposed protective order.

In their motion, Plaintiffs primarily request that the court (1) enter Plaintiffs' proposed protective order, which includes the disputed paragraph 5(c), and (2) order Defendant to respond to Plaintiffs interrogatories before Plaintiffs must respond to

Defendant's interrogatories.[1]  In response, Defendant argues that (1) the court should enter Defendant's proposed protective order, which excludes paragraph 5(c), (2) the court has not yet lifted the stay on discovery, and (3) the court should require Plaintiffs to state their trade secrets claims with reasonable particularity.[2]

First, the parties have stipulated to a proposed protective order, except for one subparagraph.  Plaintiffs seek to include, and Defendant to exclude, the language at subparagraph (c) from the proposed protective order:

> (5) Documents, deposition testimony, or admissions or answers to interrogatories stamped "Confidential-Attorneys Eyes Only" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to [a] . . . (c) . . . witness testifying in deposition, court hearings, or trial.  However, any party may object to a witness having access to "Confidential-Attorneys Eyes Only," in which case the other party may move the Court for an order permitting such access.

(Pls.' Mot. Ex. 15A ¶ 5(c).)  The parties disagree as to whether key witnesses to the litigation should have access to the "Confidential-Attorneys Eyes Only" material.  The court finds that the more-restrictive proposed protective order is most appropriate in a trade secrets case, in which divulging a trade secret could potentially result in great cost

---

[1] Plaintiffs also request costs and attorney fees for the cost of filing their motion; however, because the court will deny Plaintiffs' motion, the court will also deny their request for costs and attorney fees.

[2] Defendant also alleges that Plaintiffs' counsel did not seek concurrence before filing the instant motion and asks the court to sanction Plaintiffs accordingly.  It appears Plaintiffs did attempt to seek concurrence, although without mention of a possible motion.  (Pls.' Mot. Ex. 13.)  The court considers the local rule mandating that parties seek concurrence to be an important tool for narrowing issues and conserving party and court resources.  *See* E.D. Mich. LR 7.1(a).  Nonetheless, the court does not view sanctions to be appropriate in these circumstances.

to one or the other party. Thus, the court will enter the Defendant's proposed protective order. (Pls. Mot. Ex. 15B.)

Next, the court stayed discovery in its February 11, 2009 order. Because the parties have abandoned the Expert Evaluation process, the court will vacate the stay. Both parties currently have at least one set of outstanding interrogatories and seek to compel the opposing party to submit answers.[3] Plaintiffs argue, in particular, that because they served their answers to interrogatories first, and Defendant served interrogatories nine days later, Defendant should serve its answers within seven days of the date of this order, and Plaintiffs will serve its answers nine days after that. Defendant does not disagree with Plaintiffs' proposed timeline but argues that no discovery should be exchanged until a protective order is in place and until Plaintiffs have identified their trade secrets claims with specificity. Therefore, the court will deny Plaintiffs' motion to require production of discovery immediately; however, the court will issue a scheduling order to account for the time in which the parties must serve their answers to the interrogatories and requests for production following the entry of a protective order.

Defendant objects to Plaintiffs proposed timeline because Defendant argues that the ordinary procedure for a trade secrets case requires that Plaintiffs state the alleged trade secrets with reasonable particularity. Defendant further argues that this

---

[3] Plaintiffs served their first set of requests for production on December 29, 2008, which by agreement of the parties, have been deemed to have been served January 14, 2009. Plaintiffs have also served two sets of interrogatories on January 24, 2009 and January 26, 2009, in addition to a second set of requests for production on February 2, 2009. Defendant served its first set of interrogatories on January 23, 2009, nine days after Plaintiffs were deemed to have served their first set of requests for production.

requirement prevents a plaintiff from using discovery to uncover a trade secret claim by perusing a defendant's files.  In principle, the court agrees with Defendant, and the court will issue a scheduling order to reflect this requirement.  *See Vector Envtl. Group, Inc. V. 3M Co.*, No. 06-CV-11264, 2006 WL 3004086, *2 (E.D. Mich. Oct. 20, 2006) ("A party alleging trade secret misappropriation must particularize and identify the purportedly misappropriated trade secrets with specificity.") (internal citations omitted); *see also Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006) ("[D]istrict courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control."); *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 457 (6th Cir. 2008) (stating the principle that district courts have broad discretion in resolving discovery matters).  However, the court also notes that under Federal Rule of Civil Procedure 15, the court is required to give leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Accordingly,

    IT IS ORDERED that the court's February 11, 2009 order [Dkt. # 27] is VACATED to the extent that it stayed discovery.

    IT IS FURTHER ORDERED that Plaintiffs' "Motion to Compel Discovery, for Entry of New Protective Order" [Dkt. # 32] is DENIED.

    Finally, IT IS ORDERED that Defendant shall submit to the court's case manager the stipulated proposed protective order, excluding subparagraph 5(c) on or before **May 15, 2009**.  A separate scheduling order will issue.

                                     s/Robert H. Cleland
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated:  May 14, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 14, 2009, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522