# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**GIASSON AEROSPACE SCIENCE INC.**
a Canadian corporation, and
**GIASSON DESIGN INC.**
a Canadian corporation,

        Plaintiffs,

v.

**RCO ENGINGEERING, INC.,**
a Michigan corporation,

        Defendant.

Case No. 2:08-cv-13667

Honorable Robert H. Cleland

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED and that the following terms and conditions shall govern the use and treatment of documents, tangible items, information, and other materials produced by the litigant parties or by non-parties (collectively "Producing Parties") in this lawsuit:

1. All documents, materials, items, things and/or information that contain or comprise confidential and sensitive research, development or commercial information produced either by a party or by a non-party to or for any of the parties or their experts shall be governed by this Protective Order.

2. Any information produced by any party or non-party may be designated by such party or non-party as "Confidential" or "Confidential-Attorneys Eyes Only." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties. As a general guideline, materials designated "Confidential-Attorneys Eyes Only" shall be only those confidential and sensitive

things of a proprietary business or technical nature which would be of value to a potential competitor of the party or non-party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties.  Absent a specific order by this Court, information once designated as "Confidential" or "Confidential-Attorneys Eyes Only" shall be used by parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

       3.    Any party or non-party wishing to come within the provisions of this Protective Order shall designate, in writing, the documents, information, or portions thereof which he, she or it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder.  In the instance of documents, the items produced must be marked "Confidential" or "Confidential-Attorneys Eyes Only" by the producing party or producing non-party.  In the instance of depositions, counsel may, in the record of the deposition, designate the transcript or portion thereof as "Confidential" or "Confidential-Attorneys Eyes Only," and only the parties identified in paragraphs 5 and 6 may then be present in the deposition.  The witness under deposition or his/her counsel may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed "Confidential" or "Confidential-Attorneys Eyes Only."  The designations should be made on the record whenever possible, but a party may designate portions of a deposition either "Confidential" or "Confidential-Attorney's Eyes

Only" provided written notice of such designation is given to each party no later than (10) ten business days following receipt of the deposition transcript.

4. Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to those parties or other persons who agree in advance to abide by this Protective Order and to whom it is necessary that the material be shown for purposes of this litigation.

5. Documents, deposition testimony, or admissions or answers to interrogatories stamped "Confidential-Attorneys Eyes Only" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to: (a) the trial counsel designated on the pleadings in this action and those of their staff to whom it is necessary that the materials be shown for the purposes of this litigation; (b) consultants and experts as defined in Paragraph 6 hereof and pursuant to the provisions on Paragraph 7 hereof.

6. For purposes of Paragraph 5(b) hereof, a consultant or expert shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full- or part-time, by or at the direction of counsel for a party.

7. The procedure for having a consultant or expert approved for access to information designated "Confidential-Attorneys Eyes Only" shall be as follows:

    (a) The party seeking to have a consultant or expert, as defined in Paragraph 6 hereof, approved shall provide the producing party with:

        i) the name and address of the designated person;

        ii) the present employer and title of said designated person;

        iii)    the designated person's resume or curriculum vitae, list of all publications authored in the previous 10 years, and list of all other cases in which, during the previous 4 years, the designated person has been retained as an expert and/or testified as an expert at trial or by deposition; and

        iv)    a written acknowledgment, in the form of Attachment A hereto, signed by the designated person for whom approval is sought, that the person has read this Protective Order and agrees to be bound by its terms.

    (b)    Within seven (7) calendar days after receiving notice pursuant to Paragraph 7(a) of the consultant or expert, the producing party may object to the person proposed for approval if facts available to the producing party give it genuine reason to believe that there is a reasonable likelihood that the designated person is a competitor and/or may use information designated "Confidential-Attorneys Eyes Only" for purposes other than the preparation of and for trial of this case. Objections must be based upon a legitimate good faith belief in such unauthorized use and shall not be made for purposes of delaying approval of said designated person. Failure to object within seven (7) calendar days to a person proposed shall be deemed approval, but shall but not preclude a producing party from objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.

    (c)    If the producing party so objects, the producing and requesting party shall, within seven (7) calendar days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. At the conference, the producing party shall inform the requesting party of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then the producing party may move the Court for an order that access to information designated "Confidential-Attorneys

Eyes Only" be denied to the designated person. The time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.

8. All "Confidential-Attorneys Eyes Only" information covered by this Protective Order shall be kept in secure facilities at the offices of trial counsel and/or approved consultants and experts, and in no event be taken to or stored on the premises of a party without having first received written permission from the party designating the document "Confidential-Attorney's Eyes Only," and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 5 and 6 of this Protective Order as persons properly having access thereto. All counsel for the parties who have access to "Confidential-Attorneys Eyes Only" information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

9. All pages or parts of court papers, discovery responses, documents or things produced, or deposition transcripts filed with the Court in this action which have been designated as containing "Confidential" or "Confidential-Attorneys Eyes Only" by either party hereto, or any court papers purporting to reproduce or paraphrase such confidential information, shall be maintained *in camera* by filing the same in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL PURSUANT TO COURT ORDER," and a statement substantially in the following form:

> This envelope contains Confidential Information filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed or revealed, except by order of the Court.

10. If any document or information designated to be "Confidential" or "Confidential-Attorneys Eyes Only" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

11. A party should designate as "Confidential" or "Confidential-Attorneys Eyes Only" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Protective Order. If, at any time during the pendency or trial of this action, any party claims that any other party is unreasonably claiming certain information produced herein to be confidential, the objecting party may make an appropriate motion with this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Before filing any such application, the party seeking relief shall confer with the other party to determine whether the matter can be resolved by agreement.

12. The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" or "Confidential-Attorneys Eyes Only" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of Paragraph 11 of this Protective Order.

13. At any hearing relating to this litigation prior to trial before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any "Confidential" or "Confidential-Attorneys Eyes Only" information or documents for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared and that the court employees be advised as to the terms of this Protective Order. If any party reasonably anticipates that "Confidential"

or "Confidential-Attorneys Eyes Only" information or documents will be presented in any hearing in this litigation, it may request that the Court close the courtroom during such presentation. If the Court denies any such request, the use of the "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents in court shall not affect its coverage by this Protective Order or constitute a waiver of secrecy with respect thereto.

14. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

15. This Protective Order shall be effective on the date entered by the Court.

16. Not later than 60 days after the conclusion of this action, including after any appeal, unless otherwise agreed by the parties, all confidential materials and/or information shall be returned to the party or non-party who produced such materials, or to their respective counsel, or such information shall be destroyed, at the election of the producing party.

17. The following procedures shall apply regarding any paper filed under seal pursuant to this Protective Order.

>    a. <u>Minimization is required.</u> Any paper to be filed under seal must be minimized, i.e. consist of only such portion of the paper as contains the information sought to be protected from public disclosure.[1]
>    b. <u>Retrieving sealed papers is required</u>**.** A party who has filed material under seal must retrieve that material, pursuant to Local Rule 5.3, not later than 60 days after the conclusion of the case, including any appeal.
>
>    c. <u>Failure to minimize or retrieve; suspension of protective order and sanctions</u>**.** A party's failure to follow the requirements for minimization of papers to be filed under seal or retrieval of sealed papers after case termination may persuade the court to suspend operation of the protective order relative to the defaulting party, assess costs or sanctions against the party or counsel, or enter other remedial orders.

---

[1] E.g., only the pages of a deposition or memorandum that actually contain confidential material, not the entire transcript or memorandum.

IT IS SO STIPULATED.

| | |
|---|---|
| Attorneys for Plaintiffs Giasson Aerospace Science, Inc. and Giasson Design, Inc. | Attorneys for Defendant RCO Engineering, Inc. |
| By: /s/ _____ . | By: /s/ _____ . |
| Mark R. Fox<br>Toni L Harris<br>Fraser Trebilcock Davis & Dunlap, P.C.<br>124 West Allegan Street – Suite 1000<br>Lansing, MI  48933<br>(517) 482-5800 – Telephone<br>(517) 482-0887 – Facsimile | Bill C. Panagos<br>Leigh C. Taggart<br>Linda Kennedy<br>Rader Fishman & Grauer, PLLC<br>39533 Woodward Avenue<br>Bloomfield Hills, MI  48304<br>(248) 594-0600 – Telephone<br>(248) 594-0610 – Facsimile |

**IT IS SO ORDERED** this 20th day of May 2009.

 S/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522

Attachment A

**<u>ACKNOWLEDGMENT OF PROTECTIVE ORDER</u>**

I, _____, do solemnly swear or affirm that I am fully familiar with the terms of the Interim Protective Order entered in *Giasson Aerospace Science, Inc. v. RCO Engineering, Inc*., United States District Court for the Eastern District of Michigan, Southern Division, Civil Action No. 2:08-cv-13667, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____   Signed: _____