**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

GIASSON AEROSPACE SCIENCE, INC., et al.,

      Plaintiffs,

v.                                                              Case No. 08-13667

RCO ENGINEERING, INC.,

      Defendant.

_____/

**ORDER STAYING DEPOSITION-DISCOVERY, STAYING MEDIATION, AND SCHEDULING STATUS CONFERENCE**

Pending before the court is Plaintiffs' "Emergency Motion for Temporary Limited Stay of Proceedings," filed on September 29, 2009. Plaintiffs are two corporations, largely operated and controlled by Ms. Brigitte Giasson. According to Plaintiffs, Ms. Giasson has recently been hospitalized with a life-threatening illness. Ms. Giasson's doctor indicates that Ms. Giasson's health prevents her from traveling before mid-November. Further, Plaintiffs maintain that, given Ms. Giasson's central role in Plaintiffs' operations, her presence during depositions and mediation is critical. Plaintiffs therefore request a partial stay of discovery (specifically a stay of depositions) and a stay of mediation until Ms. Giasson's physician determines that she is fit to travel.

Whether Plaintiff's motion should be granted is controlled by Federal Rule of Civil Procedure 16(b), because limiting the timing and extent of discovery, as Plaintiffs request, would contradict the court's June 16, 2009, "Scheduling Order." Federal Rule of Civil Procedure 16 states, in pertinent part: "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause is

evaluated by the "moving party's diligence in attempting to meet the case management order's request." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).  The Sixth Circuit also considers "whether the opposing party will suffer prejudice by virtue of the amendment" when assessing Rule 16's good cause standard.  *Leary v. Daescher*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge*, 281 F.3d at 625).  Since the requested delay is due to an unforeseen and serious illness, it appears that there is no lack of diligence on Plaintiffs' part.  The court also appreciates the necessity and desirability of having a corporation's principal participate in the corporation's litigation.  It also seems clear that the prejudice that Defendant will suffer as a result of the partial stay is minimal.  First, the stay will be limited in extent—only depositions will be delayed.  Second, the stay will be limited in duration—the court will order a stay until mid-November.  Third, the mediation would be stymied by Ms. Giasson's absence even if it were not stayed.

The court notes that if there is no noticeable improvement in Ms. Giasson's condition by mid-November, it will reconsider the matter with the understanding that this litigation cannot be stalled indefinitely.  The court will therefore schedule a status conference at the end of the stay.  Accordingly,

IT IS ORDERED that Plaintiffs' "Emergency Motion for Temporary Limited Stay of Proceedings" [Dkt. # 71] is GRANTED IN PART, and no depositions or mediation shall be conducted without Plaintiffs' consent[1] until **November 16, 2009**.

---

[1] The court encourages Plaintiffs, upon conferral with Defendant, to allow those depositions where Ms. Giasson's presence is not critical or where Ms. Giasson may attend to go forward regardless of the stay.

IT IS FURTHER ORDERED that the court will conduct a telephone status conference on **November 16, 2009, at 2:00 p.m.**  The court will initiate the telephone call.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 7, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 7, 2009, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522