**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GIASSON AEROSPACE SCIENCE, INC., et al.,

    Plaintiffs,

v.                                                     Case No. 08-13667

RCO ENGINEERING, INC.,

    Defendant.
                                                        /

**OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION TO GRANT
ACCESS TO ATTORNEYS EYES ONLY INFORMATION; AND (2) GRANTING IN
PART AND DENYING IN PART PLAINTIFFS' MOTION
TO LIMIT DISCLOSURE OF ATTORNEY EYES ONLY INFORMATION AND TO
EXTEND DISCOVERY**

Pending before the court is Defendant's "Motion to Grant Michael E. Chase Access to Attorney Eyes Only Documents," filed on August 21, 2009. In Defendant's Motion, it argues that Plaintiffs should not be allowed to restrict its damages-expert's access to attorney eyes only ("AEO") documents. Instead of responding to Defendant's Motion, Plaintiffs filed their own Motion, asking the court to limit disclosure of AEO documents to Chase to only financial documents. In Plaintiffs' Motion, Plaintiffs also asked for an extension of discovery. In Defendant's Response to Plaintiff's Motion and in conferences on and off the record, Defendant has indicated that it opposes Plaintiffs' request for an extension of discovery. After reviewing the briefing, and considering the issues raised by the parties during the conferences, the court will order Plaintiffs to allow Chase access to the AEO documents; and will extend expert discovery without extending fact discovery.

Paragraph 7 of the Stipulated Protective Order controls a designated expert's access to AEO documents. To limit a designated expert's access to AEO documents the producing party must object based "upon a legitimate good faith belief in . . . unauthorized use [by the] designated person." (Stipulated Protective Order ¶ 7.) Here, Plaintiffs argue that limiting Chase's access is necessary to protect Plaintiffs' intellectual property. Plaintiffs ask to limit disclosure of documents to Chase only where he has a "well-defined purpose for knowing or having the materials." Plaintiffs do not suggest, however, that Chase will use the information in an unauthorized fashion. Furthermore, limiting access in the manner suggested by Plaintiffs would allow them to filter documents according to what they determine is a "well-defined purpose." Accordingly, Plaintiffs' objections do not meet the requirements of the Protective Order, and Chase should be granted access to the AEO information.

Plaintiffs' request for an extension of fact discovery may be granted only with a finding of good cause. Fed. R. Civ. Pro. 16(b)(4). Plaintiffs' main justifications for extending discovery are the large number, roughly 100,000, of documents produced by Defendant, the difficulty in obtaining documents from a third-party, Gulfstream Aerospace Corporation, and the temporary stay of deposition discovery due to Brigitte Giasson's illness. Plaintiffs have not, however, articulated how these factors have actually effected their ability to conclude discovery on time. Accordingly, the court does not find good cause to extend fact discovery.[1] Nevertheless, the situation supports a departure from the expert-discovery deadlines in the court's standard scheduling order.

---

[1] This denial of Plaintiffs' request to extend fact discovery is without prejudice. If Plaintiffs articulate a specific reason why they need to, for example, conduct a particular deposition after the close of fact discovery the court will entertain such a motion.

Given the volume of documents and the technical nature of this case, the court finds that there is good cause for an extension of expert discovery. Plaintiffs' expert reports will be due on February 12, 2010; Plaintiffs' experts must be prepared and available for deposition during the fourteen days following delivery of their respective reports. Defendant's expert reports will be due March 12, 2010; Defendant's experts must be prepared and available for deposition during the fourteen days following delivery of their respective reports. Accordingly, expert discovery will close no later than March 26, 2010.

IT IS ORDERED that Defendant's "Motion to Grant Access" [Dkt. # 55] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' "Motion to Limit Disclosure and to Extend Discovery" [Dkt. # 56] is GRANTED IN PART, in that the following schedule will control expert discovery:

> Plaintiffs' expert reports will be due on **February 12, 2010**; Plaintiffs' experts must be prepared and available for deposition during the fourteen days following delivery of their respective reports.
>
> Defendant's expert reports will be due **March 12, 2010**; Defendant's experts must be prepared and available for deposition during the fourteen days following delivery of their respective reports.
>
> Expert discovery will close no later than **March 26, 2010**.

IT IS FURTHER ORDERED that Plaintiffs' Motion [Dkt. # 56] is DENIED IN PART, in that the court will neither limit Mr. Chase's access to AEO information, nor will it, at this time, extend fact discovery.

                                                  s/Robert H. Cleland  
                                                  ROBERT H. CLELAND  
                                                  UNITED STATES DISTRICT JUDGE

Dated:  December 23, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 23, 2009, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-13667.GIASSON.Grant.D's.Mot.Access.AEO.Grant.Part.Pls.Mot.Limit.AEO.Extend.Discovery.bsc.wpd

4