**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GIASSON AEROSPACE SCIENCE, INC., et al.,

    Plaintiffs,

v.                                  Case No. 08-13667

RCO ENGINEERING, INC.,

    Defendant.
                                                /

**ORDER AND OPINION (1) GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM AND (2) DENYING AS MOOT PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM**

Pending before the court is "Giasson's Motion to Dismiss RCO's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) and/or for Summary Judgment as to RCO's Counterclaim Pursuant to Fed. R. Civ. P. 56."[1]  Defendant has counterclaimed that Plaintiffs tortiously interfered with Defendant's business relationship with Gulfstream.

When ruling on a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002).  In doing so, "the court must draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is

---

[1] Plaintiffs ask the court to dismiss Defendant's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to grant summary judgment pursuant to Federal Rule of Civil Procedure 56.  Because the court will grant Plaintiffs' Motion based on the pleadings only, pursuant to Rule 12(b)(6), the court will deny, as moot, Plaintiffs' Motion for Summary Judgment.

inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citations omitted). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 550 U.S. 544). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)

2

(emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

"The crux of Giasson's Rule 12(b)(6) motion to dismiss is that RCO has not and cannot allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice . . . as is required under Michigan law." (Pls.' Mot. Dismiss Reply 1.) Although the court expresses no opinion on whether Defendant "cannot allege"[2] a per se wrongful act or malice, it agrees with Plaintiffs that Defendant has not done so.

> To establish a prima facie case of tortious interference with a business relationship, plaintiffs must show: (1) the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; (2) knowledge of the relationship or expectancy on the part of the defendant interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Trepel v. Pontiac Osteopathic Hospital*, 354 N.W.2d 341 (1984). In *Formall, Inc. v. Community Nat'l Bank of Pontiac*, 421 N.W.2d 289 (1988), this Court further explained the third element:
>
>> [O]ne who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another. [*Feldman v. Green*, 360 N.W.2d 881 (1984).]

---

[2] Defendant does, in fact, state that it can properly plead a tortious interference claim, because it asked for leave to amend its response should the court grant Plaintiffs' motion to dismiss in its Response. Insofar as Defendant is moving for leave to file an amended counterclaim, such a motion is not appropriately raised in a responsive pleading. The local rules and the court's practice guidelines require that motions and responses be accompanied by a separate brief. E.D. Mich. LR 7.1(b); Practice Guidelines for Judge Robert H. Cleland, http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=12. Under no circumstances may a motion be included within or tacked onto a response or a reply. *See* E.D. Mich. LR 7.1(b).

*Michigan Podiatric Med. Ass'n v. National Foot Care Program, Inc.*, 438 N.W.2d 349, 354-55 (Mich. Ct. App. 1989). "To establish that a lawful act was done with malice and without justification, the plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive of the interference." *BPS Clinical Labs. v. Blue Cross and Blue Shield of Mich.*, 552 N.W.2d 919, 925 (Mich. Ct. App. 1996). The totality of Defendant's pleadings concerning its allegation of tortious interference claim are as follows:

> 9. In August of 2007, RCO, an automotive engineering company, was one of a limited number of entities invited to respond to a Request for Information to design and develop cabin seats for Gulfstream aircrafts.
>
> 10. In December of 2007, RCO (with some assistance from GASI and GDI, aviation companies) submitted a response to Gulfstream's Request for Proposal relating to cabin seats for Gulfstream aircrafts.
>
> 11. In March of 2008, RCO and Giasson made a presentation to Gulfstream relating to the cabin seats.
>
> 12. At and following the March presentation, Gulfstream expressed discontent with the presentation because it did not want RCO to subcontract out engineering aspects of the cabin seats and Gulfstream did not want to develop traditionally aviation-type seating, but instead sought to develop automotive-type seating.
>
> 13. RCO submitted an alternative proposal to Gulfstream in June of 2008, which did not subcontract any engineering to Giasson and which included RCO's own automotive engineering designs.
>
> 14. In the summer of 2008, RCO independently developed its automotive engineering-based concepts for the cabin seats, while Gulfstream developed the styling of the cabin seats.
>
> 15. By mid-August of 2008, execution of a contract between Gulfstream and RCO was imminent.
>
> 16. Upon information and belief, on or about August 24, 2008, Giasson contacted Gulfstream and intentionally and wrongfully communicated information about RCO in order to induce termination of the relationship between Gulfstream and RCO.

> 17. As a proximate result of Giasson's actions, the execution of the contract between Gulfstream and RCO was delayed, and the finally executed contract included terms and conditions that were less favorable to RCO, and RCO has suffered and will suffer financial and other harm.
>
> . . .
>
> 18. Counter-Plaintiff RCO incorporates by reference the allegations of paragraphs 1-17 of the Counterclaim as if fully set forth verbatim herein.
>
> 19. A valid business relationship or expectancy existed between RCO and Gulfstream.
>
> 20. Giasson had knowledge of the relationship or expectancy between RCO and Gulfstream.
>
> 21. Giasson intentionally and wrongfully interfered with the relationship or expectancy between RCO and Gulfstream, inducing or causing a breach or termination of the relationship or expectancy.
>
> 22. RCO suffered resultant damage as a proximate cause of Giasson's acts.

This is not enough to plead malice. Defendant pleads no specific facts allowing the conclusion that Plaintiffs acted with an improper motive. Instead, Defendant merely recites bare assertions that the elements of an tortious interference claim are met. Defendant's factual allegations therefore do not raise a right to relief above the speculative level, and Plaintiffs' Motion will be granted.

IT IS ORDERED that Plaintiffs' Motion to Dismiss [Dkt. # 83] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment [Dkt. # 83] is DENIED AS MOOT.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: January 22, 2010

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 22, 2010, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-13667.GIASSON.Grant.Pls.'.Dismiss.bsc.2.wpd